JUSTICE COTTER
concurs.
¶32 I concur in the result we reach. I write separately to express some concern over the state of our res judicata and collateral estoppel jurisprudence in light of the conclusions we reach in this Opinion.
¶33 At ¶ 16 we set forth the elements of res judicata, as taken from our case law. Notably, the listed criteria do not include the requirement of a final judgment. However, our cases, as set out in ¶ 15, seem to require a final judgment on the merits as a prerequisite to the application of the doctrine. We conclude here that this prerequisite is absolute, and thus decline to apply res judicata because the District Court has not yet entered final judgment for the 2003 trial. Opinion, ¶ 17.
¶34 We then turn to the doctrine of collateral estoppel, listing its requisite elements at ¶ 18. And, notably, the enumerated prerequisites for application of this doctrine specifically include the requirement that “a final judgment on the merits [be] issued in the prior adjudication.” Kullick, ¶ 18. We proceed, however, to conclude that there should be a “relaxed requirement of finality for purposes of applying collateral estoppel.” Opinion, ¶ 21. We are thus left with the imposition of a strict requirement of judgment finality in a res judicata analysis, though it is not an enumerated element, while relaxing the *299 requirement of finality of judgment in the application of collateral estoppel, when the doctrine as defined in our case law specifically requires the entry of a final judgment. It seems to me we have muddied rather than cleared the waters.
¶35 While I have not conducted an in-depth study, I know from experience and recall that many cases and treatises have historically applied these two doctrines virtually interchangeably, simply because their elements are so similar. A citation in our Opinion bears this out. “(Restatement (Second) of Judgments § 13 cmt. f(1982) (“[a] judgment otherwise final for purposes of res judicata [or collateral estoppel] is not deprived of such finality by the fact that time still permits commencement of proceedings in the trial court to set aside the judgment and grant a new trial or the like; nor does the fact that a party has made such a motion render the judgment non-final ...).” Opinion, ¶ 21. It seems to me that the distinction we create today-requiring absolute finality of judgment for res judicata application, but relaxed finality of judgment for purposes of collateral estoppel-is not only inconsistent with the enumerated elements of the two doctrines, it is also unnecessarily confusing to the practitioner. As the Restatement of Judgments, cited above, seems to suggest, I would impose an identical final judgment standard in both res judicata and collateral estoppel analyses, and call it a day.
¶36 Otherwise, I concur.